984 F.2d 1255
 299 U.S.App.D.C. 417
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES
UNION AND INDUSTRY PENSION FUND, et al., Appellants,
v.
CLASER PAINTING CORPORATION.
 No. 91-7185.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 1, 1993.
 
 Before WALD, RUTH BADER GINSBURG and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that this case be remanded to the district court for reconsideration. The district court's determination that appellants were not entitled to contractual late charges of $1,090.94 on paid but untimely pension fund contributions appears to be inconsistent with its earlier decision in ITPE-MEBA/NMU Funds v. United International Investigative Services, No. 90-0066, 1991 WL 90907, 1991 U.S.Dist. LEXIS 7201 (D.D.C. April 5, 1991). There, the district court, in accord with the reasoning of Idaho Plumbers & Pipefitters Health and Welfare Fund v. United Mech. Contractors, Inc., 875 F.2d 212 (9th Cir.1989), and rejecting the view taken in Carpenters & Joiners Welfare Fund v. Gittleman Corp., 857 F.2d 476, 478-79 (8th Cir.1988), determined that section 1132(g) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., does not preempt recovery of contractual late fees for delinquent contributions where such contributions have been paid prior to suit. See ITPE-MEBA/NMU Funds, 1991 WL 90907, 1991 U.S.Dist. LEXIS 7201, at * 8. In light of its decision in ITPE-MEBA/NMU Funds, we request the district court to revisit its determination in this case.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.